IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TIMOTHY P. REMBERT, | : | |
| Plaintiff, | : | |
| vs. | : | Civil Action No. |
| | : | **5:07-CV-267 (CAR)** |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff herein filed an application for disability insurance benefits on August 6, 2004, and Supplemental Security Income benefits on November 11, 2003. The Social Security Administration denied the claims initially and on reconsideration, and plaintiff requested a hearing before an Administrative Law Judge, which was held on October 30, 2006. The ALJ then entered an order denying plaintiff's claim on November 13, 2006. Plaintiff sought review of that decision before the Social Security Appeals Council. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703

F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis,

further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments in the form of degenerative joint disease and scoliosis. The ALJ then concluded that plaintiff had the residual functional capacity to lift 10 pounds frequently, 20 pounds occasionally, stand and/or walk for 2 to 4 hours in an 8 hour workday, and sit for 8 hours in an 8 hour workday, but needs to alternate standing and sitting "at will", and is limited to occasional balancing, stooping rarely, no reaching overhead or operating foot or leg controls, and being able to use his cane to walk.

*Failure to Develop the Record*

An ALJ "has a basic obligation to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003); Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). "However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." Graham, 129 F.3d at 1423; see Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991); Kelley v. Heckler, 761 F.2d 1538, 1540-41 (11th Cir. 1985). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." Ellison, 355 F.3d at 1276. The ALJ is "in no way bound" to develop the medical record for the period after plaintiff filed his application. Ellison, 355 F.3d at 1276; see 20 C.F.R. §§ 404.1512(c), 416.912(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled.") In addition, an ALJ is not required to develop evidence

3

to prove a claimant's claim or otherwise act as his counsel. See <u>Smith v. Schweiker</u>, 677 F.2d 826, 829 (11th Cir. 1982). The ALJ noted that although plaintiff was informed of the right to representation, he chose to testify without the assistance of an attorney or other representative. (Tr. 11).

Plaintiff argues that the ALJ should have inquired into the medical records of his treating physician, Dr. Ebert, who apparently treated plaintiff in 1993 and concluded that plaintiff is not employable. The ALJ discounted this opinion, as it was not supported by any other evidence of record.

Although the ALJ referred to Dr. Ebert as a treating physician, the only evidence from Dr. Ebert in the record is a Department of Social Services " medical examination report" completed by Dr. Ebert on April 12, 1993, nearly 10 years prior to plaintiff 's alleged onset date of October 1, 2003 (Tr. 11, 14, 102-03). Although Dr. Ebert indicated that he would be treating plaintiff one time per month for twelve months (Tr. 103), the record provides no indication that Dr. Ebert actually treated plaintiff beyond the one time examination on April 12, 1993.

Arguably, the medical records from this period of time would not necessarily be relevant to the time period under consideration. See 20 C.F.R. §§ 404.1512(d), 416.912(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least 12 months preceding the month in which you file your application.").

Moreover, a conclusion that a plaintiff is disabled or unable to perform any work is one that is made by the Commissioner. A treating physician's opinion that a plaintiff is disabled or unable to work is not conclusive; the ALJ must make a disability determination based upon the medical findings and other evidence. <u>Bell v. Bowen</u>, 796 F.2d 1350 (11th Cir. 1990).

4

Plaintiff also argues that the ALJ should have ordered an additional consultative examination, given that the most recent medical evidence from a previous consultative examination was some 32 months prior to the administrative hearing, in February of 2004. The results of that examination suggested a shoulder dislocation, diminished range of motion of the cervical spine and right shoulder. Also noted were diminished deep tendon reflexes in the legs, and a mild right leg limp. (Tr. 14).

An ALJ is not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision. See Doughty v. Apfel, 245 F.3d 1274, 1280-81 (11th Cir. 2001); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999); Holladay v. Bowen, 848 F.2d 1206, 1210 (11th Cir. 1988). A consultative examination need not be obtained to establish absolute certainty regarding a claimant's condition, as the Social Security Act requires only substantial evidence to support the ALJ's findings. See Holladay, 848 F.2d at 1210.

While the record in the case at bar is not replete with medical evidence, the consultative examination in February of 2004 does provide substantial evidence for the ALJ's opinion. There are no obvious holes in the medical record, even if it is sparse. Plaintiff has not submitted any indication of what might be revealed by an additional examination that is not already contained in the 2004 examination.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable C. Ashley Royal, United States District Judge,

WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of August, 2008.

                                                                  //S Richard L. Hodge
                                                                 RICHARD L. HODGE
msd                                             UNITED STATES MAGISTRATE JUDGE